**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

RAYSHAN WATLEY,

    Petitioner,    :    Case No. 1:09-cv-306

                        :    District Judge Sandra S. Beckwith
    -vs-                 Magistrate Judge Michael R. Merz

WARDEN BOBBY,

                        :

    Respondent.

---

**SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 21) to the Magistrate Judge's Supplemental Report and Recommendations (Doc. No. 20) recommending that the Petition be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner brought this habeas corpus action *pro se* under 28 U.S.C. § 2254 to obtain relief from his confinement on one count of harassment by an inmate (Doc. No. 1).

**Ground One**

In his first Ground for Relief, Petitioner asserts the trial court erred in entering a guilty verdict on a plea of no contest to a defective indictment (Petitioner, Doc. No. 1, PageID 5). The

indictment avers that Mr. Watley

> with intent to harass, annoy, threaten or alarm Corrections Officer Richard Emmert, [did] cause or attempt to cause CO Emmert to come into contact with blood, semen, urine, feces or another bodily substance

(Exhibit 3 to Objections, Doc. No. 19, PageID 346). Mr. Watley's ckaim is that the indictment is insufficient because it does not aver which bodily substance was involved.

In the Report and Recommendations and the Supplemental Report and Recommendations, the Magistrate Judge recommended dismissal because the Indictment was in the words of the statute and this is sufficient to satisfy Fourteenth Amendment due process concerns, relying on *Hamling v. United States*, 418 U.S. 87, 117 (1974), which holds that ordinarily, charging in the language of the statute is sufficient.

Petitioner relies on *Russell v. United States*, 369 U.S. 749 (1962), and its holding is distinguished in the Supplemental Report and Recommendations. The Supreme Court in *Hamling, supra*, distinguished *Russell* because of the need for specificity in that particular case. *Hamling*, 418 U.S. at 117-118.

In his Objections to the Supplemental Report and Recommendations, Petitioner cites a number of other federal cases which he says support his claim:

- *United States v. Frankel*, 721 F.2d 917 (3rd Cir. 1983). *Frankel* does not involve alleged omission of an element from an indictment. Rather, the indictment was dismissed "because it relies on a misrepresentation theory unsupported by the allegations." *Id.* at 919. There is no consideration of either the Fifth Amendment grand jury clause (which would be applicable in a federal prosecution but not here) or of the Due Process Clause of either the Fifth or the Fourteenth Amendment.

- *United States v. Spruill,* 118 F.3d 221 (4th Cir. 1997). *Spruill* held that an indictment for a threat under 18 U.S.C. § 844 had to include as an essential element that the threat was to be carried out "by means of fire or an explosive." *Id..* at 225. The court did not hold that the indictment must say which of the two was threatened. Furthermore, the case was decided under Fourth Circuit authority interpreting the Grand Jury Clause of the Fifth Amendment. *Id..* The Grand Jury Clause does not apply to the States. *McDonald v. Chicago*, 561 U.S. ___, 2010 U.S. LEXIS 5523, n.13 (2010), citing *Hurtado v. California*, 110 U.S. 516 (1884); *see also Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972) *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006)(*Apprendi* does not change this result).

- *United States v. Locklear,* 97 F. 3d 196 (7th Cir. 1996). This case does not involve sufficiency of the indictment, but failure of the Government to offer proof on an essential element of the charge.

- *United States v. Omer,* 395 F.3d 1087 (9th Cir. 2005). This case involved omission of the element of materiality from an indictment charging a violation of 18 U.S.C. § 1344(1). The Ninth Circuit followed *Neder v. United States*, 527 U.S. 1 (1999), which held that materiality is a required element in a bank fraud indictment. The instant case does not involve omission of an element.

- *United States v. Prentiss*, 256 F.3d 971 (10th Cir. 2001). In this case a panel of the Tenth Circuit held an indictment should have been dismissed for failure to include two elements of the crime. The *en banc* court reversed, holding that the omissions were subject to harmless error analysis.

- *United States v. Foley*, 73 F.3d 484 (2nd Cir. 1996).  Here the indictment was deficient for failing to include the element that the bribe defendant received was in connection with a federal program fund.

- *Salinas v. United States*, 522 U.S. 52 (1997).  This leading RICO case did not result in dismissing any indictment for any reason.

- *United States v. Opsta*, 659 F.2d 848 (8th Cir. 1981).  Indictment dismissed for failing to include a *mens rea* element.

- *United States v. Hathaway,* 318 F.3d 1001 (10th Cir. 2003)[1].  The indictment failed to include an element essential to distinguishing between felony and misdemeanor assault and thus would be affirmed only as a misdemeanor.

- *United States v. Pickett*, 353 F.3d 62 (D.C. Cir. 2004).  Indictment dismissed for failure to include an essential element.

**None** of these cases supports Petitioner's claim that an indictment which includes all the required elements in the words of the statute violates the Fourteenth Amendment.  All of them are federal cases in which the Grand Jury Clause of the Fifth Amendment applies, as it does not in this case.

---

[1]Petitioner's citation is to 318 F.2d, but no criminal case appears at that point.  The Magistrate Judge assumes F.3d was intended.

**Ground Three**

In Ground Three, Petitioner claims his speedy trial rights were violated. In the state courts he relied entirely on state law, Ohio Revised Code § 2945.71, et seq. His Petition is a copy of the state appeal brief – his third claim is labeled "third assignment of error" and appears to be a xerox copy of a page from the appellate brief. On this basis, the Magistrate Judge recommended dismissal because no federal claim was stated (Report and Recommendations, Doc. No. 17, PageID 331).

Petitioner objected that whenever a habeas petitioner raises a speedy trial claim, "the Sixth Amendment speedy trial guarantee kicks in." (Objections, Doc. No. 19, PageID 341.) In the Supplemental Report and Recommendations, the Magistrate Judge agreed the Sixth Amendment speedy trial guarantee is applicable to Petitioner's case, but concluded Petitioner had made no attempt to show that the delay in his trial actually violated that Sixth Amendment guaranty as specified in *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972).

In his last set of Objections, Petitioner now attempts to apply federal law to his speedy trial claim.

Petitioner is certainly correct that the Speedy Trial Clause of the Sixth Amendment is binding on the States through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina,* 386 U.S. 213 (1967). The Supreme Court has developed a four-part balancing test to use in determining whether a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). In this case the delay was nearly two years post-indictment, but Petitioner has shown no prejudice from the delay. He

notes that in *Barker* the Supreme Court suggested that more delay can be tolerated for an ordinary street crime than for a complex conspiracy. The reason is the ease of proof for the simple case as opposed to the difficulty of assembling proof that may be necessary in a complex case. But as Petitioner admits this was a simple "street" crime – although it occurred in a prison, it was essentially a one-on-one assault type of offense. Petitioner relies entirely on the presumptive prejudice resulting from delay of more than a year rather than any proof or even suggestion of actual prejudice.

## Conclusion

Based on the foregoing analysis, it is again respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

July 3, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely

motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Watley Habeas Merits 2nd Supp R&R.wpd